UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

Xing Zhao a/k/a Dennis Zhao, on his own behalf and on behalf of others similarly situated,

        *Plaintiff(s)*,

-against-

Exonovia, Inc., Antonio Blazevige; JOHN DOES #1-10 and JANE DOES #1-10

        *Defendants*.

----------------------------------------------------------------X

Docket Number: 19-7555

COMPLAINT

Plaintiff Xing Zhao a/k/a Dennis Zhao ("Plaintiff") on his own behalf and on behalf of all others similarly situated, by and through his undersigned attorneys, Hui Chen & Associates, PLLC, hereby files this complaint against the Defendants Exonovia, Inc., Antonio Blazevige; JOHN DOE #1-10 and JANE DOE #1-10 (collectively "Defendants"), alleges and shows the Court the following:

## INTRODUCTION

1. This is an action brought by Plaintiff on his own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, wages and compensation for all hours worked each workweek.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages and compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations § 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) compensation for unpaid wages; (2) compensation for failure to provide wage notice at the time of hiring and failure to provide pay stubs in violation of the NYLL; (3) liquidated damages equal to the sum of unpaid wages pursuant to the NY Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### Plaintiff

7.     Plaintiff Xing Zhao a/k/a Dennis Zhao is a resident of New York County of New York and was employed as a software engineer by Defendant Exonovia, Inc. represented by Antonio Blazevige, with its principal place of business at 1345 6th Ave., 33rd Floor, New York, New York 10105 from May 2018 to March 2019.

### CORPORATE Defendant

8.     Upon information and belief, Corporate Defendant, Exonovia, Inc. is a foreign business corporation organization and existing under the laws of the State of Delaware and maintains its principal place of business at 1345 6th Ave., 33rd Floor, New York, New York 10105.

9.     Upon information and belief, at all times relevant hereto, Exonovia, Inc. and it's affiliates are businesses or enterprises engaged in interstate commerce employing more than twelve (12) employees each and earning gross annual sales over Five Hundred Thousand Dollars ($500,000) each.

10.    Upon information and belief, at all relevant times hereto, Exonovia, Inc. and its affiliates have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

11.    Exonovia, Inc. and its affiliates constitute enterprises within the meaning of the FLSA, 29 U.S.C § 203(r).

12. Exonovia, Inc. has been Plaintiff's employers within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

**Individual Defendants**

13. Upon information and belief, Defendant Antonio Blazevige is Exonovia, Inc. and its affiliates' president. Defendant Antonio Blazevige makes business decisions on behalf of Exonovia, Inc. and its affiliates.

14. Upon information and belief, Defendants Antonio Blazevige; JOHN DOE #1-10 and JANE DOE #1-10 are the owners, officers, directors and/or managing agents of Exonovia, Inc. is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 1345 6th Ave., 33rd Floor, New York, New York 10105 and participated in its day-to-day operations, acted intentionally and maliciously, as an employer pursuant to FLSA, 29 U.S.C. §203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, NYLL § 2 and the regulations thereunder and is jointly and severally liable with Exonovia, Inc.

15. Upon information and belief, Defendants Antonio Blazevige; JOHN DOE #1-10 and JANE DOE #1-10 own the stock of Exonovia, Inc. and its affiliates and manages and makes all business decisions including but not limited to hiring and firing of the employees, the amount in salary the employees will receive and the number of hours employees will work.

16. At all times relevant herein, Exonovia, Inc. was, and continue to be, "enterprises engaged in commerce" within the meaning of FLSA.

17. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Exonovia, Inc.

18.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages, and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

19.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## DEMAND FOR A JURY TRIAL

20.     Plaintiff respectfully demands a trial by jury of all issues in this matter.

## STATEMENT OF FACTS

21.     From May 2018 to March 2019, Plaintiff Xing Zhao a/k/a Dennis Zhao was hired by Defendants in a technology company as a Software Engineer located at 1345 6th Avenue, 33rd Floor, New York, NY 10105.

22.     From May 1, 2018 to March 2019, Plaintiff was paid no wage. From May 15, 2018 to October 31, 2018, Plaintiff worked from approximately 10am to 6pm, at least five days per week, approximately 45 hours per week. From November 1, 2019 to March 1, 2019, Plaintiff worked from approximately 1pm to 6pm, at least five days per week, approximately 30 hours per week.

23.     From May 2019 to the date of filing this action, Defendant Anotonio constantly threatening Plaintiff with litigation action unless Plaintiff consents and execute all documents that he failed to disclose.

24.     Defendants' failure to pay Plaintiff an amount at least equal to federal or New York state minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

25.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked, thus failed to keep full and accurate records of Plaintiff's hours and wages.

26.     Defendants failed to provide Mr. Zhao with written notices providing the information required by the Wage Theft Prevention Act - including, inter alia, Defendants' contact information, his regular and overtime rates, and intended allowances claimed - and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

27.     Defendants knew that the nonpayment of wages would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

28.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

29.     Defendants failed to keep full and accurate records of Plaintiff's hours, tips and wages.

30.     Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay.

31.     Defendants committed the above alleged acts knowingly, intentionally and willfully.

32. Defendants knew that the nonpayment of salary, failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

## COLLECTIVE ACTION ALLEGATIONS

33. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the earned wages or the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

34. Defendants knowingly and willfully operated their business with a policy of not paying earned wages to Plaintiff and other similarly situated employees.

35. Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of their locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive wages, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

36. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculation of that number may be ascertained are

presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

37. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

38. This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

39. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

40. Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

   a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

   b. Whether the Defendants failed to pay the Collective Action Members wages and/or overtime wages for all hours worked and or above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

   c. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

   d. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

   e. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

41. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

42. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

**FIRST CLAIM FOR RELIEF**

**Violation of Fair Labor Standards Act – 29 U.S.C. §§ 201,** *et seq.*

**- Failure to Pay Wages**

43. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

44. At all relevant times, Defendant has been, and continues to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

45. At all relevant times, Defendant employed "employee[s]" including Plaintiff.

46. Throughout the statute of limitations period covered by these claims, Defendant knowingly failed to pay Plaintiff the earned wages for each hour worked.

47. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

**Violation of Fair Labor Standards Act -NYLL §215(a)(3)**

**- Retaliation**

48. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

49. Plaintiff repetitively requested Defendants to pay his wages during employment.

50. Plaintiff had to quit working for Defendants after Defendants refused to pay him wages.

51. Upon acknowledgement that Plaintiff is seeking counsel to file actions against him, Defendant Antonio repetitively harassed and threatened Plaintiff with litigation actions, in violation of NYLL §215(a)(3).

52. As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to NYLL §215(a)(3).

### THIRD CLAIM FOR RELIEF

### Violation of New York Labor Law - NYLL § 190, 191, 193 and 198

### - Failure to pay earned wages

53. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

54. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, § § 190 et seq., including § § 191, 193, 195 and 198.

55. Defendant violated and willfully violated NYLL § § 190 et seq., including § § 191, 193 and 198, by failing to pay Plaintiff his earned wages, as required under NY Labor Law § 190 et seq.

56. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) - Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendant to comply with NYLL § 195(1).

57. At all times relevant herein, Defendant failed and willfully failed to provide plaintiff with the statement(s) required by NYLL § 195(3).

58. Plaintiff is entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

## FOURTH CLAIM FOR RELIEF

### Violation of New York Labor Law - NYLL §195

### - Time of Hire Wage Notice Requirement

59. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

60. The New York Wage Theft Protection Act requires employers to give written notice of wage rates to each new hire, and annually thereafter, which includes, inter alia: i) rate or rates of pay, including overtime rate of pay (if it applies); ii) how the employee is paid: by the hour, shift, day, week, commission, etc.; iii) the regular payday; iv) the official name of the employer and any other names used for business; v) the address and phone number of the employer's main office or principal location; and vi) any allowances taken as part of the minimum wage (i.e., tips, meal and lodging deductions).

61. During the course of Plaintiff's and Class Members' employment, Defendants consistently failed to provide them with a written statement upon hiring, and annually thereafter, containing the above criteria, as required by New York law.

62. Based on the foregoing, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendants, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

**FIFTH CLAIM FOR RELIEF**

**Violation of New York Labor Law—New York Pay Stub Requirement**

63. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

64. The NYLL and supporting regulations require employers to provide detailed pay stub information to employees every payday. NYLL §195-1(d).

65. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

66. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

**SIXTH CLAIM FOR RELIEF**

**Violation of New York Labor Law—Failure to Keep Records**

67. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

68. Payroll and other records that must be maintained by employers for each employee.

69. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYCRR § 146-2.1.

70. As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fees, pursuant to the New York state law.

71.     Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

72.     Defendant's failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

### SEVEN CLAIM FOR RELIEF

### Violation of New York Labor Law - Failure to Pay Timely Wages

73.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

74.     Upon information and belief, Defendants failed to pay Plaintiff for all hours worked during the Period of employment in which the wages were earned, in violation of New York Labor Law § 191.1(a).

75.     Upon information and belief, Defendants failed to pay Plaintiff wages owed to him during the whole employment period, in violation of New York Labor Law § 191.3.

76.     As a result of Defendants' labor law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, the full amount of unpaid wages owed to him, liquidated damages, reasonable attorney's fees, and the costs and disbursements of the action, pursuant to New York Labor Law § § 198 and 663.

### EIGHTH CLAIM FOR RELIEF

### Violation of New York Labor Law - NYLL § 215

### - RETALIATION/DISCRIMINATION

77. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

78. Plaintiff repetitively requested Defendants to pay his wages during employment.

79. Plaintiff had to quit working for Defendants after Defendants refused to pay him wages.

80. Upon acknowledgement that Plaintiff is seeking counsel to file actions against him, Defendant Antonio repetitively harassed and threatened Plaintiff with litigation actions, in violation of FLSA §215(a)(3).

81. As a result of Defendants' unlawful acts, Plaintiff has been deprived of compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, post judgment interest, attorneys' fees, costs, and other compensation pursuant to FLSA §216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Yuan and his counsel to represent the Collective Action members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to the FLSA and New York Labor Law;

f. Liquidated damages for Defendants' New York Labor Law violations;

g. Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

h. Back pay;

i. Punitive damages;

j. An award of prejudgment and postjudgment interest;

k. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l. Such other, further, and different relief as this Court deems just and proper.


Dated:   Flushing, New York
         August 13, 2019

                                          Hui Chen and Associates, P.L.L.C.

                                          _/s/ Yaoyu Liu_____
                                          By: Yaoyu Liu, Esq.
                                          136-20 38th Ave., Suite 9E
                                          Flushing, NY 11354

Tel: (718) 463-2666
Email: yaoyuliu.esq@gmail.com
*Attorneys for Plaintiff(s)*